# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

Travis Jackson Marron, )
    Plaintiff, )
)
v. ) 1:12cv468 (TSE/TRJ)
)
John Jabe, )
    Defendant. )

## MEMORANDUM OPINION

Travis Jackson Marron, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when two (2) religious non-music tapes were confiscated during his former incarceration at Lawrenceville Correctional Center ("LCC"). The matter is now before the Court on defendant's Motion for Summary Judgment. Defendant simultaneously filed a supporting memorandum of law with exhibits, and provided plaintiff with the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On February 2, 2013, plaintiff responded by filing his own Motion for Summary Judgment. Dkt. 35. After careful consideration of defendant's exhibits and plaintiff's reply, both Motions for Summary Judgment must be denied, without prejudice to renewal in accordance with this Memorandum Opinion.

## I. Background

In the amended complaint which is the operative complaint in this case, plaintiff Marron identifies himself as a Sunni Muslim and alleges that his rights under the First Amendment, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act

1

("RLUIPA"), 42 U.S.C. §2000cc, were violated by a Virginia Department of Corrections ("VDOC") policy requiring non-music religious CD's to be purchased exclusively from a single vendor, Jones Express Music ("JEM"). That policy was implemented in a memorandum issued on April 30, 2010 by John Jabe, a former VDOC director and the defendant in this lawsuit. Robinson Aff. ¶ 4; Ex. A. It was modified on August 18, 2011, when Jabe issued another memorandum stating that an inmate could order religious non-music CD's through the chaplain or other designated staff at his institution if JEM was unable to provide that particular CD. Robinson Aff. ¶ 5; Ex. B..

On October 4, 2011, plaintiff submitted a Periodical/Property Request Form requesting items from another company, Dar-us-Salam Publications. Robinson Aff. at 6. Plaintiff alleges that among the requested items was a cassette tape on how to pray and to purify himself, which plaintiff describes as "central tenets" of his faith without which he "will end up in a humiliating torment in the Hellfire when [he] die[s]." Am. Compl. at 1-2. Defendant contends that plaintiff requested only a book or pack of lesson pamphlets, a book of Tawheed, a prayer rug and twenty (20) bookmarks, but when the order arrived it also contained two (2) religious non-music CD's. Robinson Aff. ¶ 7.

When plaintiff went to pick up his order at LCC, the property guard informed him that he could not have the cassette on prayer and purification due to defendant Jabe's directive. Am. Compl. at ¶ 3. Defendant agrees: "These tapes were rejected for intake because at the time of their arrival, the April 30, 2010 memo from Director Jabe, only allowed for the purchase of religious non-music CD's to come from JEM. The August 18, 2011 memo only allowed for religious non-music CD's to come from Chaplin's [sic] or designated staff at the institution."

Robinson Aff. ¶ 7. Defendant adds that the tapes also were subject to rejection because Operating Procedure 802.1 allows an offender to possess CD's or cassette tapes if he has the appropriate player to utilize the item, and when plaintiff's order arrived he did not have a cassette tape player. Robinson Aff. ¶ 9.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

It requires little analysis to conclude that neither party is entitled to summary judgment at this juncture. That is so because defendant Jabe argues only that plaintiff's constitutional claims should be dismissed because the CD at issue was confiscated in part as the result of plaintiff's failure to have a cassette tape player, a violation of VDOC's operating procedures. Defendant concludes, "This is not a religious issue; this is a simply a personal property issue. Thus, it is unnecessary to address whether VDOC's CD policy violates the First Amendment, Fourteenth Amendment, and RLUIPA." Def. Mem. at 4.

Defendant's attempt to elide the issues presented in this complaint by suggesting that the Court should ignore the impact of his policies on plaintiff's religious liberty must be rejected. To be sure, it is fair to say that most, if not all, prison policies that impact an inmate's religious practices have their geneses in some peneologically-driven consideration. Nonetheless, where one product of a policy or regulation affects a prisoner's religious liberty, it is appropriately and even necessarily analyzed in the framework plaintiff has suggested here - that is, as a potential affront to the prisoner's rights under First Amendment, the Equal Protection Clause, and RLUIPA - regardless of whether prison officials can point to other reasons to explain their actions. See, e.g., Lovelace v. Lee, 472 F.3d 174, 200 (4th Cir.2006). Therefore, defendant's

Motion for Summary Judgment will be denied, without prejudice to his ability to file a renewed motion addressing the claims asserted by plaintiff within thirty (30) days.

In plaintiff's counter-Motion for Summary Judgment, he addresses the salient issues in the action by arguing only that because defendant did not address those issues in his existing summary judgment motion, plaintiff should prevail on those issues by default. Plf. Mem. at 5. As defendant is being directed to address the merits of the important issues plaintiff has raised, plaintiff's Motion for Summary Judgment likewise will be denied, without prejudice to his ability to renew his request after defendant submits his position on plaintiff's claims.

### IV. Conclusion

For the foregoing reasons, the Motions for Summary Judgment of both parties will be denied, without prejudice to renewal as directed herein. An appropriate Order shall issue.

Entered this  30th  day of  July  2013.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge